## PHELPS *v.* CANADA CENT. R. Co.

*(Circuit Court, N. D. New York.* April 3, 1882.)

REMOVAL OF CAUSE—AMENDING COMPLAINT.

> Where, before the removal of a cause, the state court has restricted plaintiff to his cause of action for breach of contract, on which an attachment has been granted, and he has elected to consent to such order, and it is still in force when the case is removed to the federal court, a motion by plaintiff in the circuit court for leave to amend his complaint may be denied, no change in the relative position or rights of the parties having been made.

Motion to Serve Amended Complaint.

*Mullin & Griffin,* for plaintiff.

*Edward C. James,* for defendant.

WALLACE, J. Before this action was removed into this court the state court had granted an order restricting the plaintiff from averring in his complaint any cause of action against the defendant other than for alleged breach of contract set forth in the affidavit upon which the defendant's property was attached and its appearance thereby compelled. Although the main point considered by the state court upon the motion which resulted in such order was the right of the plaintiff to incorporate into his complaint a cause of action and prayer for equitable relief, the order made was both broad and explicit in its terms, and confined the plaintiff to the cause of action set forth in the affidavit for the attachment. The plaintiff elected to consent to that order as a condition of retaining his attachment, which would otherwise have been vacated. Whether the state court would have thus adjudged if the plaintiff had complained upon a cause of action at law only, it is not for this court to determine. It suffices that the order, as made, was in force when the action was removed to this court. Undoubtedly, this court has power to modify that order, but it would be unseemly, when nothing has occurred since the removal to change the rights or position of the parties, to disregard the adjudication of the state court made upon hearing and deliberation and consented to by the plaintiff.

Although the plaintiff is entitled, by the Code of Procedure of the state, to amend, as of course, within the time limited by the Code after the defendant has answered, that right was waived, in so far as the exercise of it would involve any departure from the terms of the order, by the election signified upon the hearing which resulted in the order.

The motion for leave to serve the amended complaint is denied.